16192. BAILEY *et al. v.* THE FIRST NATIONAL BANK OF JEFFERSON.

"Where there is no conflict in the evidence, and that introduced with all reasonable deductions or inferences therefrom demands a particular verdict, the court may direct the jury to find for the party entitled

thereto. But where there is conflicting evidence as to material issues, it is error for the court to direct a verdict." *Fielder* v. *Davison*, 139 *Ga.* 509 (6) (77 S. E. 618); Civil Code (1910), § 5926.

DECIDED OCTOBER 7, 1925.

Complaint; from city court of Jefferson—Judge Bryson. December 23, 1924.

*G. W. Westmoreland, Shackelford, Shackelford & Davis,* for plaintiffs in error. *Jere S. Ayers,* contra.

LUKE, J. The First National Bank of Jefferson sued George W. Bailey as maker, and J. L. Bailey and C. F. Porter as securities, on a promissory note. Defendants admitted the execution of the note, but alleged payment thereof. For the purposes of this decision, it is not necessary to set out their plea in full. The gist of it sufficiently appears from the summary of the evidence given below. As the case will be for trial again, we shall not attempt to state the evidence fully, but will give only so much of it as is necessary in passing upon the question presented; that is to say, whether or not the court erred in directing a verdict for plaintiff.

J. C. Turner was president of both the bank and Turner Incorporated, a mercantile concern. George W. Bailey was not an employee of the bank, but was working for Turner Incorporated, on a salary. George W. Bailey swore that he had an agreement with Turner as president of the bank, whereby Turner should collect money due Bailey by Turner Incorporated, and pay off the note sued on, and that Turner "did collect the money . . and applied it to a note" of his (Bailey's) son. Bailey further testified: "All the trade I had with him (Turner) was as president of the bank. . . I was dealing with the bank through its president." J. C. Turner swore in part: "I am president of the First National Bank of Jefferson. I have charge of looking after the collection and things of that sort. . . My trade was that he (Bailey) was to let me have fifty dollars per month of his salary with Turner Incorporated, and that I was to apply that anywhere I wanted to apply it." Turner admitted that he took the money in question and applied it to debts due Turner Incorporated. Turner further testified that he was not acting for the bank in the transaction, and that the directors of the bank never authorized him to act for it.

*Judgment reversed. Bloodworth, J., concurs. Broyles, C. J., dissents.*